## The People of the State of Illinois for use of Jacob Glos, Appellant, v. Peter B. Olsen, County Clerk et al., Appellees.

### Gen. No. 19,370. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 21, 1914. Rehearing denied May 5, 1914.

### Statement of the Case.

Action by the People of the State of Illinois for the use of Jacob Glos against Peter B. Olsen, county clerk of Cook county, and others to recover for an alleged breach of the official bond given by Olsen as county clerk. The declaration alleged sixty-nine breaches in as many counts. Judgment was entered in favor of defendant upon a general demurrer being sustained to plaintiff's declaration. From the judgment, plaintiff appeals.

JOHN R. O'CONNOR, for appellant Jacob Glos.

CARL R. CHINDBLOM, WILLIAM F. STRUCKMANN & FRANK L. SHEPARD for appellees Olsen, Chytraus and Severson.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

OFFICIAL BONDS, § 32*—*when declaration in suit on bond of county clerk demurrable.* In an action on a county clerk's official bond, certain counts in the declaration alleged that the county clerk charged and collected excessive fees for the issuance of tax deeds and for recording the evidence upon which they were based, and the remaining counts were based on a claim that in each deed is-

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

sued on the affidavit required as a foundation therefor the county clerk included but a single parcel of land instead of several, thus causing an increased cost to the relator for record of the tax deeds. *Held* that assuming the action would lie on the bond for such breaches, a general demurrer to the declaration was properly sustained for the reason that no one of the former counts alleged what amount or fee could legally have been required for recording such evidence, and for the reason that the allegations of the latter counts were but mere conclusions, there being no allegations of fact from which the court could infer whether more than one lot should have been included in a tax deed or not.

### Clark W. Hawley, Appellee, v. E. O. McCormick, Appellant.

### Gen. No. 19,206. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 21, 1914.

### Statement of the Case.

Action by Clark W. Hawley against E. O. McCormick on an oral contract alleged to have been made by the plaintiff with the defendant wherein, as alleged, defendant agreed to pay or cause to be paid to the plaintiff the purchase price of certain lands bought by the plaintiff from a Mr. McDoel if plaintiff became dissatisfied with his contract. From a judgment in favor of plaintiff, defendant appeals.

GEORGE G. KING, for appellant.

CHENEY & EVANS, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.